IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Lewis Martin, #334145, | ) C/A No. 0:09-1886-HFF-PJG |
| Petitioner, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Warden, Wateree River Correctional Institution, | ) |
| Respondent. | ) |

The petitioner, Willie Lewis Martin ("Petitioner"), a self-represented state prisoner, brings this action pursuant to 28 U.S.C. § 2254. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at Wateree Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28 U.S.C. § 1915; the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*).

PJG

The Petition has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the petition "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to construe *pro se* petitions liberally. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could

*PJG*

prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Petitioner is an inmate at Wateree River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). He is serving a three (3) year sentence stemming from a guilty plea to criminal charges. Petitioner pled guilty and was sentenced on April 7, 2009. He did not appeal his conviction and sentence, and has not filed for state post conviction relief. Petitioner filed for federal habeas corpus relief under 28 U.S.C. § 2254 based on "denial of due process" because he was not advised that he could file an appeal of his conviction and sentence. (Pet., Docket Entry 1 at 5.) The petition requests that Petitioner's sentence be vacated; receipt of "time served;" a pardon; "restoration of full civil rights;" and "first offender status consideration for parole." (Id. at 14.)

The petition for a writ of habeas corpus in this case should be dismissed because Petitioner has not exhausted his state remedies. Federal habeas relief pursuant to 28 U.S.C. § 2254 can be sought only after Petitioner has exhausted his state court remedies. 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971). Petitioner did not pursue a direct appeal, which he claims was denied him. Neither, however, did he file an application for post conviction relief on the issue raised as a ground for his § 2254 petition. As a result, the ground raised in the § 2254 petition has not been considered and addressed by courts of the State of South Carolina.



The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). The United States Court of Appeals for the Fourth Circuit, in Matthews v. Evatt, 105 F3d. 907 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." The Matthews Court further instructs that "[t]he burden of proving that a claim has been exhausted lies with the petitioner." Id. at 910-11(citations omitted).[1] Petitioner has not presented the ground in his habeas petition to the state courts for consideration, and thus has not exhausted his state remedies.

For many years, the South Carolina Supreme Court has allowed a prisoner who is deprived of a direct appeal to receive a belated appellate review if a post conviction court correctly finds that the deprivation of the appeal was based on an attorney's failure to preserve the prisoner's right to an appeal. See, e.g., Sumpter v. State, 312 S.C. 221, 439

---

[1] Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. See Coleman v. Thompson, 501 U.S. 722 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750.

S.E.2d 842 (1994); Slack v. State, 311 S.C. 415, 429 S.E.2d 801 (1993); White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974). To seek a belated appeal, Petitioner must file an application for post conviction relief in the appropriate state court.

In addition to a direct appeal in a criminal case, a South Carolina prisoner has available as post conviction relief the South Carolina Post Conviction Procedure Act, S. C. Code Ann. §§ 17-27-10 to 17-27-160 (PCR).[2] Petitioner states that he has not filed an application for post conviction relief in state court. If a South Carolina prisoner's PCR action is denied or dismissed by a Court of Common Pleas, he or she can file an appeal of that post conviction case. See S. C. Code Ann. § 17-27-100; Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985). In fact, if a prisoner files an application for post conviction relief and the Court of Common Pleas denies post conviction relief or dismisses the post conviction relief application, the petitioner *must* seek appellate review, or federal collateral review of the grounds raised in his application for post conviction relief will be barred by a procedural default in a subsequent federal habeas action. See Whitley v. Bair, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986); Mason v. Procunier, 748 F.2d 852, 853-854 (4th Cir. 1984).

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Post Conviction Procedure Act is a viable state court remedy. See Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977); Patterson v. Leeke, 556 F.2d 1168, 1173 (4th Cir.1977). Since the petitioner has a viable state court remedy which the face of the petition shows has not been utilized, the petition should be dismissed for failure to exhaust

---

[2]Petitioner should be mindful that South Carolina law has limitations periods for post-conviction cases. S.C. Code Ann. § 17-27-45.



state court remedies. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (stating that the petitioner bears the burden of proving exhaustion); Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## RECOMMENDATION

Accordingly, the court recommends that the Petition in the above matter be dismissed without prejudice and without requiring the respondent to file an answer.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 3, 2009
Columbia, South Carolina

*The petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).